UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MICHELLE LEGALL-JOHNSON,** | § | |
| **AND WILLIAM JOHNSON** | § | |
| *PLAINTIFFS* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-489 |
| | § | |
| **JP MORGAN CHASE BANK, N.A, aka** | § | JURY |
| **JP MORGAN CHASE & CO., JP** | § | |
| **MORGAN CHASE BANK NATIONAL** | § | |
| **ASSOCIATION, AND JOHN DOE,** | § | |
| *DEFENDANTS* | § | |

## DEFENDANTS JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A.'S NOTICE OF REMOVAL

Defendants JPMorgan Chase & Co. ("Chase & Co."), incorrectly sued as "JP Morgan Chase & Co.", and JPMorgan Chase Bank, N.A. ("JPMC"), incorrectly sued as "JP Morgan Chase Association aka JP Morgan Chase Bank National Association", "JP Morgan Chase Bank, N.A, aka JP Morgan Chase & Co.", and "JP Morgan Chase Bank National Association", (together "Defendants") file their Notice of Removal of this action from the 269th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, the District and Division encompassing the place where the state court is located. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Defendants show this Court as follows:

1.  On January 26, 2022, Plaintiffs Michelle Legall-Johnson and William Johnson ("Plaintiffs") initiated a lawsuit in the 269th Judicial District Court of Harris County, Texas, styled *Michelle Legall-Johnson and William Johnson v. JP Morgan Chase Bank N.A, aka JP*

*Morgan Chase & Co., JP Morgan Chase Bank National Association, and John Doe*, where it was assigned Cause No. 2022-04953 (the "State Court Action").

2. Defendants have not been served with a citation. Removal is timely because thirty (30) days have not elapsed since either defendant was served with a summons or citation. 28 U.S.C. §1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day deadline to remove begins on the date the summons or citation is served even if the complaint is received at a prior date). In fact, less thirty days have elapsed since Plaintiffs filed the lawsuit.

3. Defendants are, contemporaneously with the filing of this Notice, giving written notice of filing of this Notice of Removal to the clerk of the 269th Judicial District Court of Harris County, Texas, and will serve a copy of the Notice of Removal on Plaintiffs.

4. In accordance with Local Rule 81, copies of all processes, pleadings, orders signed by the state judge, a copy of the state docket sheet, a complete list of all counsel of record, together with an index of such documents are attached hereto collectively as Exhibit A. Defendants have also filed contemporaneously with this document a civil cover sheet.

## GROUND FOR REMOVAL: DIVERSITY

5. This Court has original jurisdiction over this case under 28 U.S.C. § 1332 because this is a civil action between citizens of different States where the matter in controversy exceeds $75,000.

    (a) **The amount in controversy exceeds the federal minimum jurisdictional requirements.**

6. Plaintiffs seek damages in an amount greater than $75,000.00. *See* Ex. A-3 at pp. 2 and 23. Specifically, Plaintiffs demand an award for damages in an amount greater than

$399,000.00. *Id.* at p. 2.

7. Plaintiffs also seek to set aside a foreclosure sale of the real property located at 12202 Leather Saddle Ct., Houston, Texas 77004 (the "Property"), void the trustee's deed resulting from the foreclosure, and to quiet title to the Property. *See* Ex. A-3 at pp. 9-11, 17, 21, and Prayer. Where a plaintiff seeks an order setting aside or rescinding a foreclosure sale and restoring title to the property in the prior owner as if not sale had occurred, the value of the property determines the amount in controversy. *See Griffin v. HSBC Bank USA, et. al.*, No. 3:10-CV-728-L, 2010 WL 4781297, at *3 (N.D. Tex. Nov. 24, 2010) (citing *Groves v. Rogers*, 547 F.2d 898, 900 (5th Cir. 1977)). When the right to real property is in question, the value of the property determines the jurisdictional amount in controversy. *See Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961) ("[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy."). According to the Harris County Appraisal District, the Property's estimated market value is $600,525. *See* Ex. B. Plaintiffs seek to set aside the foreclosure and to quiet title to the Property; thus, the amount in controversy includes the value of the Property.

8. Accordingly, the amount in controversy in this matter meets and exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

(b) **Complete diversity between Plaintiffs and Defendants exists.**

9. Plaintiffs were at the time of the filing of this action, have been at all times since, and are still individual resident citizens of the State of Texas. For diversity purposes, an individual is a citizen of the state of his domicile, which is the place of his true, fixed, and permanent home and principal establishment, to which he has the intention of returning whenever he is absent there from. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954).

Accordingly, Plaintiffs are citizens of Texas.

10. A corporation is deemed a citizen of the state in which it is incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c). JPMorgan Chase & Co. is a Delaware corporation with its principal place of business in New York. Accordingly, Chase & Co. was at the time of the filing of this action, has been at all times since, and is still a citizen of Delaware and New York.

11. A national banking association is deemed a citizen of the state in which it is located. 28 U.S.C. § 1348. For purposes of 28 U.S.C. § 1348, a national bank is a citizen of the state in which its main office, as set forth in its articles of association, is located. *See Wachovia Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006). JPMorgan Chase Bank, N.A. is a national association with its main office, as designated by its articles of association, in Columbus, Ohio. JPMC, therefore, was at the time of filing, has been at all times since, and is still a citizen of Ohio.

12. Defendant John Doe / Joe Doe should be disregarded because they are fictious persons. 28 U.S.C. § 1441(b)(1).

13. Accordingly, because the amount in controversy exceeds $75,000 and Plaintiffs are citizens of Texas while Defendants are not, this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332. Removal is therefore proper.

WHEREFORE, Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. pray that the above-described action now pending in the 269th Judicial District Court of Harris County, Texas be removed to this Court.

Respectfully submitted,

/s/ *Wm. Lance Lewis*
WM. LANCE LEWIS, Attorney-in-Charge
Texas Bar No. 12314560
S.D. Bar No. 28635
RACHEL L. HYTKEN, of counsel
Texas Bar No. 24072163
S.D. Bar No. 1130996
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**, of counsel
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Telephone)
(214) 871-2111 (Facsimile)
llewis@qslwm.com
rhytken@qslwm.com

**ATTORNEYS FOR DEFENDANTS**
**JPMORGAN CHASE & CO. AND**
**JPMORGAN CHASE BANK, N.A.**

## CERTIFICATE OF SERVICE

This is to certify that on February 15, 2022, a true and correct copy of the foregoing pleading has been furnished to Plaintiff's counsel of record via certified mail, return receipt requested, in accordance with the Federal Rules of Civil Procedure.

Sonya Chandler Anderson
THE LAW OFFICE OF SONYA CHANDLER ANDERSON
P.O. Box 2532
Humble, Texas 77347
(866) 664-5512 (Facsimile)
sonya@chandlerandersonlaw.com

/s/ *Rachel L. Hytken*
Rachel L. Hytken